## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | Case No. 15-08916 |
| FAYE T. PANTAZELOS | ) | Hon. Jack B. Schmetterer |
| | ) | Trustee: Tom Vaughn |
| | ) | |
| Debtor. | ) | |

## OBJECTION TO CHAPTER 13 PLAN

NOW COMES OCWEN LOAN SERVICING, LLC, servicer and attorney-in-fact for U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR RFMSI 2007-S9 (hereinafter "U.S. Bank" or "Creditor") by and through their attorneys, Morris Laing Evans Brock & Kennedy, Chtd., and moves this Honorable Court for an Order denying confirmation of Debtor's plan filed on 3/27/2015 [Doc. 16] and in support thereof states as follows:

1. Debtor filed a petition under Chapter 13 of Title 11, United States Bankruptcy Code on 3/13/15 and this Court has jurisdiction pursuant to 28 U.S.C. §1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Creditor is secured by an interest in the real property commonly known as 1110 N. Lake Shore Drive, Unit 16N, Chicago, Illinois;

2. Debtor has had 3 bankruptcies dismissed since 2012.

3. On 7/23/13, Creditor proceeded with its foreclosure sale in state court. As there was no automatic stay in place, the foreclosure sale was valid. After the foreclosure sale was held, there was a deficiency in the amount of $362,178.78 (**see attached Exhibit A**).

4. On 10/24/13, an Order Approving Foreclosure Sale was entered (**see attached Exhibit B**). Paragraph 4 of the Order Approving Sale states that there shall be an IN REM deficiency Judgment entered in the sum of $362,178.78 with interest thereon by statue provided, against the subject property;

5. On 11/20/13, debtor's counsel in the foreclosure case, Attorney Glenn Kanter, requested the amount required to exercise his client's right to redeem pursuant to Illinois statute 5/1/5-1604(a). Per this request, counsel for Creditor faxed a letter to Attorney Glenn Kanter on 11/20/13 providing the amount required, which was $562,705.07 (**see attached Exhibit C**). Paragraph 2 of this letter explained that any title to the property remains subject to the Deficiency Judgment and holds the same priority as the original mortgage it arose from.

6. On 11/22/13, Debtor exercised her special right to redeem pursuant to Illinois Statute 735 ILCS 5/15-1604(a) by tendering $562,705.07;

7. On 2/10/14, Creditor transferred the property to Debtor by way of Quit Claim Deed pursuant to 735 ILCS 5/15-1604(a), which provides that the deed is:

> SUBJECT TO:
> (1) a deficiency in the amount of $362,178.78, pursuant to and under the authority conferred by the provisions of an Order Approving Report of Sale and Distribution, Confirming Sale and Order of Possession entered by the Circuit Court of Cook County, Illinois, on 10/24/2013, in Case 11 CH 018063, entitled U.S. Bank National Association as Trustee RFMSI 2007S9. Said judgment deficiency shall retain the same priority on title as did the mortgage from which it arose, and which was recorded with the Kane County Recorder on 8/29/07 as document number 0724142087, pursuant to 735 ILCS 5/15-1604(b).

(**see attached Exhibit D**).

8. On 9/9/2014, Debtor filed a Motion to Compel Issuance of Deed in the Cook County foreclosure proceedings, requesting the court issue an order to compel Creditor to issue a deed to Debtor and remove the deficiency language present in the redemption deed. (**see attached Exhibit E**).

9. On 2/5/2015, the Cook County Circuit Court Judge issued an order denying Debtor's Motion to Compel Issuance of Deed. (**see attached Exhibit F**).

10. On 3/27/15, Debtor filed her Plan, which lists an unsecured deficiency claim from foreclosure due to Creditor in an "unknown" amount (see Doc. 1-3, at p.26, Schedule F).

11. Creditor objects to this Plan because its lien is being treated as unsecured. The modified plan fails to provide for Creditor's first lien priority and secured claim of $362,178.78 (or any amount), which represents the deficiency judgment resulting from the foreclosure sale. Furthermore, based on the value of the property listed in Schedule A in the amount

of $850,000.00 (see Doc. 1-3, at p.9, Schedule A), Creditor would be entitled to 100% of the deficiency plus interest during the life of the plan because it is over secured.

12. The basis for Creditor's objection is Illinois special redemption statute 735 ILCS 5/15-1604(b), that states, "Upon receipt of such amount, the mortgagee shall assign to the redeeming owner of redemption its certificate of sale or its right to such certificate or to a deed. The mortgagee shall give to the redeeming owner of redemption an executed duplicate of such assignment, marked "Duplicate", which duplicate the owner of redemption shall file with the court. If a deed has been issued to the mortgagee or its nominee, the holder of such deed, or such holder's successor in title, shall execute and deliver a deed conveying the mortgaged real estate to the redeeming owner of redemption subject only to those encumbrances that would normally arise on title if a redemption were made under Section 15-1603, including a deficiency, if any, resulting from the foreclosure sale. Nothing contained herein shall affect the right to a personal or in rem deficiency judgment, and enforcement thereof shall be allowed as provided by law. Any deficiency judgment shall retain the same priority on title as did the mortgage from which it arose. The mortgagee, its nominee or its successors in title shall not permit encumbrances on title arising on or after the date of the deed to the mortgagee or nominee caused by or relating to the mortgagee or its nominee or its successors in title."

13. Pursuant to 735 ILCS 5/15-1604(b), Creditor's deficiency judgment must be paid in full with interest because its claim remains a valid and secured first priority lien against the property. The Debtor is clearly attempting to thwart 735 ILCS 5/15-1604(b) by treating the lien as unsecured.

14. That sufficient grounds exist for denial of confirmation as Debtor's plan:
    a. Fails to provide for Creditor's secured deficiency claim that is allowed pursuant to Illinois Statute 735 ILCS 5/15-1604(b);
    b. Fails to provide for 100% of the deficiency plus interest based on the value of the property.

15. Movant has incurred attorney fees and/or costs in connection with this bankruptcy proceeding subject to court approval, including:

$500.00 for Objection to confirmation of the Chapter 13 plan including plan review and attending confirmation, if not separately billed.

**WHEREFORE,** Creditor prays this Court deny confirmation of the plan allowing the fees and costs described herein to be added to the indebtedness pursuant to the terms of the note and mortgage, and for such other and further relief as this Court may deem just and proper.

Dated this July 2, 2015.

Respectfully Submitted,

Morris, Laing, Evans, Brock & Kennedy Chtd.

*/s/ Justin F. Carter*
Justin F. Carter (23358)
Morris, Laing, Evans, Brock & Kennedy, Chtd.
1 E. Wacker Drive
Suite 2500
Chicago, IL 60601
P: 316-383-6492
F: 316-383-6592
jcarter@morrislaing.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record in this cause, deposes and states on oath that he served the abovementioned documents, copies of which are attached hereto, upon the parties of record, by electronic transmission pursuant to Section II, B, 4 of the Administrative Procedures for the CM/ECFS on July 2, 2015 before the hour of 5:00 pm.

Morris, Laing, Evans, Brock & Kennedy Chtd.

*/s/ Justin F. Carter*
Justin F. Carter (23358)
Morris, Laing, Evans, Brock & Kennedy, Chtd.
1 E. Wacker Drive
Suite 2500
Chicago, IL 60601
P: 316-383-6492
F: 316-383-6592
jcarter@morrislaing.com