United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Faye T. Pantazelos,<br><br>Debtor. | Case No. 15bk08916<br><br>Chapter 13 |

### MEMORANDUM OPINION ON J. KEVIN BENJAMIN'S MOTION TO EXAMINE ATTORNEY FEES OF DAVID LLOYD PURSUANT TO 11 U.S.C. § 329(b) AND FOR OTHER RELIEF [DKT. NO. 126]

In this Chapter 13 case, a Motion was filed by J. Kevin Benjamin ("Benjamin") pursuant to Fed. R. Bankr. P. 2017 and 11 U.S.C. § 329(b) to examine and then determine whether fees paid or agreed to be paid to Debtor's attorney David Lloyd ("Lloyd") for services rendered in this case are or will be excessive. Benjamin contends, in part, that Lloyd failed to file a statement of compensation paid or agreed to be paid in this case as required by § 329(a) and rules implementing that provision set out in Fed. R. Bankr. P. 2016(b) and Local Rule 2016-1, and that he is not intending to file a final fee application.

Benjamin requests entry of an order scheduling an evidentiary hearing to examine Lloyd's fees, requiring Lloyd to be present and Debtor to appear, and be sworn at that hearing, and directing Lloyd to file herein all fee agreements with the Debtor for services in this case.

Upon initial hearing on the Motion, a Response was ordered and later filed by Lloyd. (Dkts. No. 133, 135.) A Reply was filed by Benjamin shortly thereafter. (Dkt. No. 136.) Lloyd's initial Statement of Compensation was deficient; he has since filed an amended Statement to correct initial insufficiencies. Lloyd has also disclosed all compensation agreements with the Debtor as attachments to his Response.

Upon review of the parties' filings and relevant provisions of law invoked by the Motion, the request for a hearing to examine fees under § 329(b) will be denied. Lloyd will be directed file a supplement to his Statement of Compensation in accordance with Fed. R. Bankr. P. 2016(b) and Local Rule 2016-1, and a final fee application if he seeks more than he was earlier allowed. Benjamin's Motion and all relief sought therein will be denied by separate order.

## STANDING TO PROSECUTE THE MOTION

Movant Benjamin is defendant in an adversary proceeding filed by the Debtor against her attorneys in two previous bankruptcy cases—Benjamin, his law firm, and another attorney associated with that firm—seeking, in part, recovery of $14,000 paid by the Debtor to Benjamin for services in a previously dismissed chapter 13 case as a preference under 11 U.S.C. § 547(b). (*See* Dkt. No. 25.) The complaint also seeks turnover of $4,000 received by Benjamin, as property of the estate, claiming such funds were improperly retained by defendants in a prior case. It also requests examination of a $6,000 fee paid to Benjamin by Debtor in one of her prior cases claiming such fees exceeded the reasonable value for services provided in that case. Trial is scheduled in October 2016.

Benjamin, in turn, has filed this Motion, as well as a series of Objections to Debtor's proposed chapter 13 plans, among other filings, which seek to challenge the Debtor's entitlement to bankruptcy relief in this case for lack of good faith or otherwise impede Debtor's ability to confirm a chapter 13 plan. (*See, e.g.*, Dkt. Nos. 47, 93, 106, 116, 131, 137.)

In his Motion, Benjamin asserts standing as a creditor based on his status as defendant in the adversary case described above. (*See* Motion, at 4.) He claims that "[a] creditor who has not filed a proof of claim may still have standing to object to a debtor's plan on grounds other than sufficiency of distribution under section 1325(b)." (*Id.* (citing *In re Jensen*, 369 B.R. 210 (Bankr. E.D. Pa. 2007).) Benjamin justifies his standing in this matter by referencing prior Objections to Debtor's plan filed by him in this case, but his standing was not determined in those matters, nor does his standing in certain matters confer on him standing on all bankruptcy matters.

### Bankruptcy Standing

Parties with standing to participate in bankruptcy proceedings "must have a pecuniary interest in the outcome of the bankruptcy proceedings." *In re Cult Awareness Network, Inc.*, 151 F.3d 605, 607-08 (7th Cir. 1998); *see In re Andreuccetti*, 975 F.2d 413, 416 (7th Cir.1992) (describing standing to appeal a bankruptcy order as limited to those "directly and adversely affected pecuniarily" by that order). "[L]imits on standing are vital in bankruptcy, where clouds of persons indirectly affected by the acts and entitlements of others may buzz about,

2

delaying final resolution of cases." *In re Deist Forest Prods., Inc.,* 850 F.2d 340, 341 (7th Cir.1988).

Benjamin requests examination of the fees paid to Debtor's attorney under § 329(b). Section 329(a) generally requires attorneys for a debtor to disclose their compensation to the court. If determined that such compensation is excessive:

> [t]he court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to (1) *the estate, if the property transferred* (A) would have been property of the estate; or (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 . . . or (2) *the entity that made such payment.*

11 U.S.C. § 329(b) (emphasis added). Rule 2017 authorizes determination of whether any pre-petition transfer is excessive "[o]n motion *by any party in interest* or on the court's own initiative . . . ." Fed. R. Bankr. P. 2017(a) (emphasis added).

The Bankruptcy Code does not define a "party in interest" who has standing, but the Seventh Circuit has interpreted this term as "anyone who has a legally protected interest that could be affected by a bankruptcy proceeding." *Adair v. Sherman,* 230 F.3d 890, 894 n.3 (7th Cir. 2000); *Matter of FBN Food Servs., Inc.,* 82 F.3d 1387, 1391 (7th Cir. 1996). In accordance with general bankruptcy standing rule, that interest must be pecuniary. *See Cult Awareness Network, Inc.,* 151 F.3d at 607; *Matter of James Wilson Assocs.,* 965 F.2d 160, 169 (7th Cir.1992) (secured creditor lacked standing to object to assumption of lease).

A creditor's interest is pecuniary, and thus any creditor would generally qualify as a "party in interest" with right to seek relief under Rule 2017 and § 327(b). Non-creditors may be deemed parties in interest if they demonstrate a stake in the outcome of a bankruptcy matter. *In re UNR Industries,* 71 B.R. 467, 471 (Bankr. N.D. Ill. 1987). For example, "the entity that made such payment[ ]" in § 329(b)(2) would qualify as such an interested party that need not be a creditor. *Cf. Matter of James Wilson Associates,* 965 F.2d 160, 168 (7th Cir. 1992) ("To have standing to invoke a statute, you must be one of the persons whom the statute is intended to protect.").

On the other hand, a party having no direct interest in the bankruptcy estate generally will not qualify as party in interest with standing to participate in matters involving

3

administration of the bankruptcy estate. *See, e.g., In re Int'l Oriental Rug Center, Inc.*, 165 B.R. 436, 440 (Bankr. N.D. Ill. 1994) (non-creditor third-party lacked standing to prosecute motion for sanctions against the debtor).

Benjamin in this case is not a party who is protected by § 329(b), or who holds a legally protected interest that could be affected by determination of whether fees paid to Debtor's attorney are excessive, or by any potential consequence of such a determination. "[T]o qualify as a party in interest requires more than merely being interested in the outcome of the bankruptcy. It requires a direct legal interest in the case." *In re Rimsat, Ltd.*, 193 B.R. 499, 502 (Bankr. N.D. Ind. 1996). Status as a defendant in an adversary proceeding does automatically confer "party in interest" status to Benjamin or provide a direct interest in this bankruptcy to give standing in this matter. *See, e.g., Ebner v. Kaiser, et al. (In re Kaiser)*, 525 B.R. 697, 705-06 (Bankr. N.D. Ill. 2014) (non-creditor adversary defendant in fraudulent transfer action lacked standing to object to allowance of claim); *FBN Food Services, Inc.*, 1995 WL 230958 *4 (N.D. Ill. April 17, 1995) (same), *appeal dismissed*, 82 F.3d 1387 (1996); *In re Delta Underground Storage Co., Inc.*, 165 B.R. 596 (Bankr. S.D. Miss. 1994) (defendant in adversary proceeding lacked standing to object to settlement in main case); *Still v. Fundsnet, Inc. (In re Southwest Equip. Rental)*, 152 B.R. 207 (Bankr. E.D. Tenn. 1992) (defendant in preference action by the trustee lacked standing to prosecute motion to convert).

Most opinions dealing with adversary defendants seeking relief by motion or objection in the bankruptcy case note that the interests of these defendants are not aligned with those of estate creditors, and that such motions or objections appear to be asserted for strategic or defensive purposes only—to challenge the estate's ability to prosecute claims against them. *See, e.g., In re E.S. Bankest, L.C.*, 321 B.R. 590, 598 (Bankr. S.D. Fla. 2005) (rejecting arguments of adversary creditor who filed a motion to convert and appoint trustee claiming, in part, that conversion was in the best interest of the estate). Rather than a pecuniary interest in the estate, the interest of these defendants is "antithetical to the interests of the legitimate creditors of the [d]ebtor who have a direct interest in *maximizing* any recovery from [that creditor]." *Id.*; *see also Kaiser*, 525 B.R. at 705-06.

Because Benjamin has no direct interest in the bankruptcy estate, and because he is not a party protected by § 329(b) and has no legally protected interest that is affected by any disposition under the Motion, relief sought by him in his Motion will be denied for lack of standing.

**Benjamin is not a Creditor**

Benjamin's claim that he is a "creditor" due to his status as defendant in the adversary case to recover money as a preference is also not convincing. The Bankruptcy Code defines the term "creditor" as an:

> **(A)** entity that has a claim against the debtor or that arose at the time of or before the order for relief concerning the debtor;
> **(B)** entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title; or
> **(C)** entity that has a community claim.

11 U.S.C. § 101(10). Benjamin's rights are governed by subpart (B) because did not have a claim against the Debtor under subpart (A) at the time of the petition date. Benjamin's rights are governed by § 502(h). That provision governs determination and allowance of certain types of claims that arise post-petition, including one for recovery of an avoided transfer as follows:

> A claim *arising from the recovery of property* under section 522, *550*, or 553 of this title shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

11 U.S.C. § 502(h) (emphasis added). Section 550, in turn, governs recovery of property from a transferee of an avoided transfer, including a preference under § 547.

Pursuant to § 550, "[e]xcept as otherwise provided in this section, *to the extent that a transfer is avoided* under section . . . 547 . . . ," the trustee *may recover for the benefit of the estate* property transferred or the value of that property from entities identified in that provisions, including an initial transferee and any immediate or mediate transferee of such initial transfer. 11 U.S.C. § 550(a) (emphasis added). Section 547 governs avoidance of preferential transfers and limitations on avoidance of preferential transfers by prescribing the elements of a preference that must be proven in a suit to avoid a transfer. *See, e.g.*, 11 U.S.C.

5

§§ 547(b), (d). For purposes of § 547, "a transfer is not made until the debtor has acquired rights in the property transferred." 11 U.S.C. § 547(e)(3).

Therefore, "[a] claim arising *from the recovery of property* under section . . . 550," 11 U.S.C. § 502(h) (emphasis added), cannot arise until such claim is avoided and only "to the extent that a transfer is avoided under section . . . 547 . . . ." 11 U.S.C. § 550(a). Such transfer is not avoided until the debtor "acquires rights in the property transferred." 11 U.S.C. § 547(e)(3). Once a transfer is avoided, the trustee *may* recover, but is not guaranteed to, based on the limitations contained in that provision and subject to actual recovery if an action is authorized. *See* 11 U.S.C. § 550. Accordingly, even upon avoidance, a claim under § 502(h) will only arise *from the recovery of property* under § 550.

The ability of the trustee to recover any or all property avoided is also limited to one year after the property is avoided, or the time the case is closed or dismissed. 11 U.S.C. § 550(f). Any transfer avoided, however, "is preserved for the benefit of the estate but only with respect to property of the estate." 11 U.S.C. § 551.

Once a claim arises from the recovery of property, such claim is to be determined "the same as if such claim had arisen before the date of the filing of the petition[]," and allowed or disallowed in that manner. 11 U.S.C. § 502(h).

Claims may be allowed under the regularly applicable provisions set out in §§ 502(a) and (b), as well as § 502(c), *id.*, which authorizes estimation for purposes of allowance of "any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case . . . ." 11 U.S.C. § 502.

Disallowance of claims arising under § 502(h) may be under §§ 502(d) or (e). Section 502(d) requires disallowance of:

> *Any claim of any entity* from which property is recoverable under section . . . 550 . . . or that is a transferee of a transfer avoidable under section . . . 547 . . . , unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section . . . 550 . . . .

6

11 U.S.C. § 502(d) (emphasis added). Section 502(e) requires disallowance of reimbursement or contribution claims of entities that are liable with the debtor on the claim of a creditor and is not relevant here. *See* 11 U.S.C. § 502(e).

Lastly, claims allowed or disallowed may be reconsidered "for cause" pursuant to § 502(j).

In accordance with the foregoing provisions, Benjamin is not presently a "creditor" in this case, and will not have such a claim until and only if a transfer at issue in the Adversary Proceeding is avoided at trial or otherwise. To the extent Benjamin cites and relies on *In re Jensen*, 369 B.R. 210 (Bankr. E.D. Pa. 2007), the case is inapposite as it concerns narrow grounds for objecting to a plan under § 1325, not the right to invoke relief under § 329(b). For reasons early discussed, Benjamin lacks standing to prosecute his Motion pursuant to Fed. R. Bankr. P. 2017(a) and § 329(b). Those conclusions are similarly applicable to any other basis for relief in his Motion, including any request for a sanction that, if it were to be sought, would need to be made in accordance with procedures set out in Fed. R. Bankr. P. 9011(c).

## DISCLOSURE OF COMPENSATION OF ATTORNEYS FOR THE DEBTOR

To ensure proper fee disclosure, the disclosure of compensation to Debtor's attorney and possible need for further examination has been considered *sua sponte* in accordance with 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016(b) and 2017.

Section 329 requires any attorney representing a debtor in a bankruptcy case, or in connection with such a case, to file with the court:

> [A] statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

11 U.S.C. § 329(a). Disclosure of compensation agreement with the debtor is required "whether or not such attorney applies for compensation" in that case. *Id. See* §§ 327, 330(a) (governing compensation of professionals employed by the estate).

7

Pursuant to Rule 2016(b), every attorney for a debtor is required to file and transmit to the United States Trustee the statement required by § 329(a) within 14 days after the bankruptcy petition is filed, "or at another time as the court may direct." Fed. R. Bankr. P. 2016(b). A supplemental statement is required to be filed and transmitted "within 14 days after any payment or agreement not previously disclosed." Fed. R. Bankr. P. 2016(b).

To comply with the disclosure requirements of § 329(a) and Rule 2016(b), attorneys are required to file Bankruptcy Form B-2030 ("Disclosure of Compensation of Attorney for the Debtor") within the time specified by Rule 2016(b). See Fed. R. Bankr. P. 9009 (requiring use of Official Forms prescribed by the Judicial Conference of the United States which "shall be construed to be consistent with these rules and the Code."). The instructions to that form provide that a copy of the retainer agreement, if any, should be attached to the form.

Local Bankruptcy Rule 2016-1 requires all agreements between a debtor and attorneys must be in writing and signed by both parties, and such agreement must be attached to the statement required to be filed under Rule 2016(b). Any agreement entered into after the statement under Rule 2016(b) is filed must be filed as a supplement to that statement within 14 days after that agreement is filed. L.R. 2016-1.

In this case, Lloyd filed a Statement under Rule 2016(b) on the date the case was filed, disclosing that he agreed to receive and had already received $4,000 from the Debtor to represent her in the bankruptcy case (but not in the adversary proceeding). However, Lloyd did not attach copy of the signed retention agreement.

After the Motion was filed, Lloyd filed an amended Statement under Rule 2016(b), attaching the signed court-approved retention agreement executed before the Debtor's case was filed. (Dkt. No. 128.)

Lloyd has also filed a post-petition retention agreement for representation in the adversary case against Benjamin (for which no fees have yet been paid) as an attachment to his Response. This agreement was executed after Lloyd made initial disclosure of compensation in his Statement under Rule 2016(b), which he filed on the petition date and has since amended to attach the signed retention agreement disclosed therein. However,

8

Lloyd has not filed this post-petition agreement as a supplement to his Statement under Rule 2016(b) as required by that rule and in the manner specified in Local Rule 2016-1.

Pursuant to Rule 2016(b), Fed. R. Bankr. P., and in accordance with Local Rule 2016-1, Lloyd will be directed to file the post-petition retention agreement for representation in the adversary proceeding as a supplement to his amended Statement under Rule 2016(b).

### EXAMINATION OF COMPENSATION PURSUANT TO § 329(b)

Section 329(b) of the Bankruptcy Code, 11 U.S.C. §§ 101, *et al.*, authorizes the court to examine the compensation paid or agreed to be paid to attorneys representing a debtor in a bankruptcy case or in connection with that case, disclosure of which is required by § 329(a). Pursuant to that provision:

> If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to--
> **(1)** the estate, *if the property transferred--*
>    **(A)** would have been property of the estate; or
>    **(B)** was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
> **(2)** the entity that made such payment.

11 U.S.C. § 329(b) (emphasis added). The procedures governing examination of compensation under this provision are set forth in Rule 2017, Fed. R. Bankr. P.

With respect to payments or transfers to attorneys prior to the petition date, Rule 2017 provides as follows:

> On motion by any party in interest or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code by or against the debtor or before entry of the order for relief in an involuntary case, to an attorney for services rendered or to be rendered is excessive.

Fed. R. Bankr. P. 2017(a). Post-petition payments may be examined "[o]n motion by the debtor, the United States trustee, or on the court's own initiative . . . ." Fed. R. Bankr. P. 2017(b).

In this case, Debtor paid Lloyd $4,000 prior to the petition date pursuant to terms of the Court-Approved Retention Agreement for debtors in a chapter 13 case. The fees

9

thereby paid are not excessive. Such amounts are routinely approved by our courts, and attorneys using this type of retention agreement are not required to present a statement of itemized fees for services provided. *See generally In re Geraci*, 138 F.3d 314, 320–21 (7th Cir.1998) (authorizing bankruptcy courts to set a presumptively reasonable fee in consumer bankruptcy cases and award that fee without an itemization of services). There is no need or cause now shown to inquire into these fees any further.

The Motion contends that a hearing is necessary to examine whether the fees paid are excessive in light of the services provided by Lloyd in this case. It claims Lloyd has performed poor work, among other charges. But such a hearing is both unnecessary and premature at this stage. Debtor's case is still pending and many services contemplated by such fees have not been provided. A hearing to examine into any unusual fees that may be sought after the related litigation is adjudicated may be held then if shown to be warranted.

## CONCLUSION

For the foregoing reasons, Benjamin's Motion to Examine Fees of Attorney David Lloyd Pursuant to 11 U.S.C. § 329(b) and for Other Relief will be denied both for lack of merit and lack of standing because he is not a party in interest. On motion of the Court *sua sponte*, Debtor's attorney David Lloyd will be directed file a supplement to his Statement of Compensation with the Court in accordance with Fed. R. Bankr. P. 2016(b) and Local Rule 2016-1 that attaches the post-petition retention agreement for representation in the adversary proceeding filed by the Debtor in this case, and to file an application to be paid directly for additional fees, if any, requested after the litigation is over.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

APR 29 2016

Dated this 29th day of April, 2016